UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO BOCARDO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOMETOWN BUFFET, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00946-HSG<br><br>**ORDER REGARDING DEFENDANT'S SUGGESTION OF BANKRUPTCY**<br><br>Re: Dkt. No. 13 |

On March 10, 2016, Defendant HomeTown Buffet, Inc. ("HomeTown Buffet") filed a suggestion of bankruptcy, in which it represented that it had filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on March 7, 2016, in the United States District Court for the Western District of Texas, Case No. 16-50558. Dkt. No. 13 ("Not."). For that reason, HomeTown Buffet contends that this action has been stayed by operation of 11 U.S.C. § 362. Neither Plaintiff Sergio Bocardo nor Defendant Chris Isbell filed a response.

11 U.S.C. § 362 operates to automatically stay cases in which the defendant has filed a voluntary bankruptcy petition. *See Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009). But "[a]s a general rule, the automatic stay protects *only* the debtor, property of the debtor or property of the estate. The stay does not protect non-debtor parties or their property." *Id.* (italics original). For that reason, absent unusual circumstances, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Totten v. Kellogg Brown & Root, LLC*, — F. Supp. 3d —, 2016 WL 316019, at *18 (C.D. Cal. Jan. 22, 2016) (quoting *Placido v. Prudential Ins. Co. of Am.*, No. C 09-00668, 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010)). "In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an

extension of the stay under its jurisdiction." *Placido*, 2010 WL 334744, at *1.[1]

Because there is a non-debtor defendant named in this action, Chris Isbell, the Court does not have jurisdiction to stay the case under 11 U.S.C. § 362. *See Totten*, 2016 WL 316019, at *18 (denying stay suggestion because of the existence of a non-debtor defendant). To stay this case, HomeTown Buffet would need to request an extension of the stay from the bankruptcy court.

Accordingly, the Court **DIRECTS** Hometown Buffet to file a statement within one week of the date of this Order stating whether and when it intends to request such a stay extension.

**IT IS SO ORDERED.**

Dated: 5/2/2016

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Even in the unusual circumstances noted above, which include "when the judgment against the non-debtor defendant would in effect be a judgment or finding against the debtor," *Totten*, 2016 WL 316019, at *18, "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction[,]" *Boucher*, 572 F.3d at 1093 n.3. "Such extensions, although referred to as extensions of the automatic stay, are in fact injunctions *issued by the bankruptcy court* after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Boucher*, 572 F.3d at 1093 n.3.